IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODNEY SINCLAIR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Rodney Sinclair, individually and on behalf of all others similarly situated, by his attorneys, Shavitz Law Group, P.A. and Outten & Golden LLP, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as exempt-classified Campaign Field Organizers or similarly titled positions ("FOs") in the State of Massachusetts for Defendant Mike Bloomberg 2020, Inc. ("Defendant" or "the Campaign") pursuant to Massachusetts Wage Act, Mass. Gen. L. ch. 149, §§ 148, 150 *et seq.*, and the Massachusetts Minimum Fair Wage Laws, Mass. Gen. L. ch. 151, §§ 1 *et seq.* (collectively, the "Massachusetts Wage Laws").

2. On November 24, 2019, Mike Bloomberg announced his candidacy for President of the United States in the 2020 Presidential Election.

3. As part of Mr. Bloomberg's national campaign, in or around January 2020, the Campaign began hiring FOs throughout the United States, including Massachusetts.

4. The Campaign's policy was to uniformly classify FOs as exempt from the

overtime provisions of the Massachusetts Wage Laws and therefore to not pay FOs overtime wages.

5. The primary duties of FOs do not fall under any of the exemptions to the Massachusetts Wage Laws.

6. FOs regularly worked in excess of 40 hours per workweek.

7. The Campaign violated the Massachusetts Wage Laws by failing to pay FOs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

*Plaintiff Rodney Sinclair*

8. Plaintiff is an adult individual who worked as a FO for Defendant Bloomberg in the state of Massachusetts.

9. Plaintiff is a resident of Beverly, Massachusetts.

10. Plaintiff is a covered employee within the meaning of the Massachusetts Wage Laws.

*Defendant Mike Bloomberg 2020, Inc.*

11. The Campaign is a Delaware corporation with its headquarters and primary place of business in New York.

12. The Campaign employed Plaintiff and similarly situated employees within the meaning of the Massachusetts Wage Laws. The Campaign had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

13. The Campaign is a covered employer within the meaning of the Massachusetts Wage Laws and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated FOs.

14. At all times relevant, the Campaign maintained control, oversight and direction over Plaintiff and similarly situated FOs, including timekeeping, payroll, and other employment practices that applied to them.

15. The Campaign applied the same employment policies, practices, and procedures to all FOs who worked for the Campaign in Massachusetts between November 24, 2019 and the present ("Relevant Period").

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state from Defendant and the amount of controversy exceeds $75,000.

17. Defendant is subject to personal jurisdiction in New York. There is general jurisdiction over Defendant, as the Defendant's headquarters are located in New York, New York, Defendant conducts substantial business throughout this District and in the State of New York, and Defendant employed and employs hundreds of workers in the State.

18. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because the sole Defendant resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b).

21.     The putative class that Plaintiff seeks to represent is a class of FOs who worked in Massachusetts during the Relevant Period ("Class Members," collectively, the "Class").

22.     <u>Numerosity</u>: Upon information and belief, the number of FOs employed by the Campaign in Massachusetts exceeds forty.  The number of putative Class Members are therefore too numerous to be individually joined in this lawsuit.

23.     <u>Existence and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

    a. whether the Campaign employed Plaintiff and Class Members within the meaning of Massachusetts law;

    b. whether Class Members were non-exempt employees entitled to overtime compensation for overtime hours worked under Massachusetts law;

    c. whether the Campaign's policy and pattern or practice of classifying Class Members as exempt from overtime entitlement under Massachusetts law and the Campaign's policy and pattern or practice of failing to pay overtime to Class members violated applicable provisions of Massachusetts law;

    d. whether the Campaign failed to pay Plaintiff and Class Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of Massachusetts law;

    e. whether the Campaign failed and refused to pay Plaintiff and Class Members their wages within six days of the termination of the pay period during which the wages were earned;

    f. whether the Campaign is liable for all damages claimed by Plaintiff and Class Members, including, without limitation, compensatory, treble, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

24.     <u>Typicality</u>: Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

25. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class that he seeks to represent because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class action litigation on behalf of employees and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

26. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendant. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Plaintiff and Class Members predominate over any questions affecting only individual members of the Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

27. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for the Campaign.

28. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.

29. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COMMON FACTUAL ALLEGATIONS

30. Plaintiff and Class Members have been victims of the Campaign's common policy and plan that has violated their rights under the Massachusetts Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, the Campaign's unlawful policy and pattern or practice has been willful.

31. Upon information and belief, the Campaign has had a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per week without proper overtime compensation.

32. For example, Plaintiff worked more than 65 hours the week of March 24, 2020.

33. The Campaign was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet the Campaign failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

34. The Campaign did not keep accurate records of hours worked Plaintiff and Class Members. That is, Plaintiff's and Class Members' hours were not accurately recorded on pay stubs, and Plaintiff was never required to clock in or out, or otherwise record his time.

35. Plaintiff's and Class Members' primary duties were non-exempt duties, specifically, calling prospective voters to promote Mr. Bloomberg's candidacy for president, door-to-door canvassing, and recruiting volunteers.

36. As part of its regular business practice, the Campaign intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates Massachusetts Wage Laws.

37. Defendant's policy and pattern or practice includes but is not limited to:

   a. misclassifying Plaintiffs and Class Members as exempt from the protections of Massachusetts Wage Laws;

    b. willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendant;

    c. willfully failing to keep payroll records as required by the Massachusetts Wage Laws; and

    d. willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the overtime hours that they worked.

38. The Campaign was or should have been aware that Massachusetts Wage Laws required it to pay FOs overtime compensation for all hours worked in excess of 40 per week.

39. The Campaign's failure to pay Plaintiffs and Class Members overtime wages for all hours in excess of 40 hours per week was willful, intentional, and in bad faith.

40. The Campaign's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Massachusetts Wage Law – Unpaid Overtime**
**Mass. Gen. Laws ch. 151, §§ 1A and 1B**
**(Brought by Plaintiff Individually and on Behalf of the Class)**

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. The Campaign engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Class Action Complaint.

43. At all times relevant, Plaintiff and Class Members have been employees of the Campaign within the meaning of the Massachusetts Wage Laws.

44. Plaintiff and Class Members are covered by the Massachusetts Wage Laws.

45. The Campaign has failed to pay Plaintiff and Class Members overtime wages to which they are entitled under the Massachusetts Wage Laws.

46. The Campaign failed to pay Plaintiff and Class Members overtime at a rate of one and one-half times their regular rate of pay.

47. The Campaign failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Class Members.

48. The Campaign's violations of the Massachusetts Wage Laws, as described in this Class Action Complaint, have been willful and intentional.

49. Due to the Campaign's violations of the Massachusetts Wage Laws, Plaintiff and Class Members are entitled to recover from the Campaign unpaid overtime, reasonable attorneys' fees and costs of the action, treble damages as provided for by the Massachusetts Wage Laws, and prejudgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**Massachusetts Wage Law – Wage Payment Provisions**
**Mass. Gen. Laws ch. 149, §§ 148 and 150**
**(Brought by Plaintiff Individually and on Behalf of the Class)**

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. The Campaign engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Class Action Complaint.

52. At all times relevant, Plaintiff and Class Members have been employees of the Campaign within the meaning of the Massachusetts Wage Laws.

53. Plaintiff and Class Members are covered by the Massachusetts Wage Laws.

54. Mass. Gen. Laws ch. 149, § 148 provides that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned.

55. The Campaign has violated Massachusetts law by failing to pay all compensation owed to Plaintiff and Class Members within six days after the end of the pay period during which the wages were earned.

56.    Plaintiff has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

57.    Pursuant to Mass. Gen. Laws ch. 149, §§ 148 and 150, the Campaign is liable to Plaintiff and Class Members for three times their unpaid compensation, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all Class Members he seeks to represent, requests the following relief:

A.    Certification of this action as a class action pursuant to Rule 23;

B.    Designation of Plaintiff as Representative of the Class;

C.    Designation of Plaintiff's counsel of record as Class Counsel for the Class;

D.    An award of damages, treble damages, and restitution to be paid by Defendant according to proof;

E.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to a declaration that Defendant's acts violate the Massachusetts Wage Laws;

F.    A reasonable service award to compensate Plaintiff for the time he spent attempting to recover wages for the Class Members and for the risks he took in doing so;

G.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

H.    Pre-judgment and post-judgment interest, as provided by law; and

I.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, NY
June 12, 2020

Respectfully submitted,

_____
Justin M. Swartz
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
mdanna@outtengolden.com

Sally J. Abrahamson
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
sabrahamson@outtengolden.com

Gregg I. Shavitz*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com

*Attorneys for Plaintiff and Putative Class Members*

**Pro hac vice* application forthcoming