UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

RODNEY SINCLAIR, individually and
on behalf of all others similarly situated,

                Plaintiff,

  -v-                                                  No.  1:20-CV-4528-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

                Defendant.

-------------------------------------------------------x

## M<small>EMORANDUM</small> O<small>RDER</small>

In this putative class action, Plaintiff Rodney Sinclair ("Plaintiff" or "Mr. Sinclair"), individually and on behalf of all others similarly situated who have worked as exempt-classified Campaign Field Organizers or similarly titled positions ("Field Organizers" or "FOs") in Massachusetts for Defendant Mike Bloomberg 2020, Inc. ("Defendant" or "the Campaign"), asserts claims against the Campaign pursuant to Massachusetts Wage Act, Massachusetts General Law chapter 149, sections 148, 150 et seq., and the Massachusetts Minimum Fair Wage Laws, Massachusetts General Law chapter 151, sections 1 et seq. (collectively, the "Massachusetts Wage Laws").  (See docket entry no. 1 (the "Complaint" or "Compl.").)

The case is before the Court on Mr. Sinclair's Motion for Class Certification pursuant to Federal Rule of Procedure 23(a) and 23(b)(3).  (See docket entry no. 59 (the "Motion for Class Certification").)  Also before the Court is the Campaign's motion requesting an Order striking declarations (docket entry no. 61-17 ("Wood Decls.")) from twenty-two individuals—all

of whom worked as FOs for the Campaign in states other than Massachusetts—submitted in support of the Motion for Class Certification.  (See docket entry no. 79 (the "Motion to Strike").)

The Court has carefully considered the submissions of both parties in connection with the instant motions.  For the following reasons, Mr. Sinclair's Motion for Class Certification is denied for lack of jurisdiction, and the Campaign's Motion to Strike is denied as moot.

## DISCUSSION

Motion for Class Certification

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress.'"  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  Although neither party addressed the question of jurisdiction in their briefs,[1] the Court is always required to establish the basis of its jurisdiction.  See id. at 62 ("If subject matter jurisdiction is

---

[1] The Court acknowledges that the Complaint alleges that this Court has diversity jurisdiction over Mr. Sinclair's claims under 28 U.S.C. section 1332(a).  (Compl. ¶ 16.)  While this allegation is sufficient to demonstrate that the Court has jurisdiction of Mr. Sinclair's individual claims, it does not establish that there would be complete diversity between all class members, on the one hand, and Defendant, on the other, if the Court were to grant the motion for class certification.  In a putative class action that does not present federal questions and does not include at least one hundred potential class members, "[s]ubject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."  Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117-18 (2d Cir. 2014).  Neither the Complaint nor Plaintiff's motion papers proffers any basis for a determination that such complete diversity would exist were the class to be certified, and Plaintiff's proffers regarding numerosity indicate that the class cannot meet the jurisdictional parameters of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2).

lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

"Because [this] case presents no federal questions, the only statutory jurisdictional grant that might allow us to consider the case with its current parties is [the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2)], which grants district courts original jurisdiction over class action suits on certain conditions, among them that 'the number of members of all proposed plaintiff classes in the aggregate be no less than one hundred.'" Cnty. of Nassau, N.Y. v. Hotels.com, LLP, 577 F.3d 89, 91-92 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(d)(5)(B)). Mr. Sinclair has indicated that the proposed class contains thirty-seven individuals. (Docket entry no. 61 ¶ 17.) Because the proposed class comprises fewer than one hundred individuals, as required by CAFA, the Court would lack jurisdiction of the action were the motion to be granted. On that basis, the Motion for Class Certification is denied, without prejudice to any application to litigate the claims on a class basis in a procedural context or a forum where there would be a basis for jurisdiction.

Motion to Strike

The Motion to Strike seeks an Order striking the declarations of the twenty-two individuals who worked as FOs for the Campaign in states other than Massachusetts that were submitted in support of the Motion for Class Certification. (See Motion to Strike; see also Wood Decls.) To the extent that the Court denies Mr. Sinclair's Motion for Class Certification on the ground that the Court would lack jurisdiction of the action were the motion to be granted, the Campaign's Motion to Strike is denied as moot. See Ricci v. Destefano, No. 04-CV-1109-JBA, 2006 WL 2666081, at *3 (D. Conn. Sept. 15, 2006) (collecting cases in which courts in this

Circuit denied motions to strike affidavits as moot where the court did not rely on the challenged evidence).

CONCLUSION

For the foregoing reasons, Mr. Sinclair's Motion for Class Certification is denied, without prejudice to any application to litigate the claims on a class basis in a procedural context or a forum where there would be a basis for jurisdiction, and the Campaign's Motion to Strike is denied as moot.

This Memorandum Order and Opinion resolved docket entry nos. and 59 and 79. This case remains referred to Magistrate Judge Gorenstein for general pretrial management.

SO ORDERED.

Dated: August 25, 2023
   New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge