UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RODNEY SINCLAIR,                                   :
                                                                      :
              Plaintiff,                         :        ORDER
                                                                      :
          -v.-                                      :        20 Civ. 4528 (LTS) (GWG)
                                                                      :
MIKE BLOOMBERG 2020, INC.,              :
                                                                      :
             Defendant.                      :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United State Magistrate Judge**

      Plaintiff has filed a letter requesting permission to send notice to members of the putative class in this case notifying them of the district court's denial of plaintiff's motion for class certification.  See Letter, filed Nov. 29, 2023 (Docket # 113) ("Pl. Letter"); see also Memorandum Order, filed Aug. 25, 2023 (Docket # 89).  Defendant has opposed this request.  See Letter, filed Dec. 1, 2023 (Docket # 114).[1]

      "Under Rule 23(d), courts have the discretionary authority to order that putative class members be notified when class certification has been denied."  Gardner v. Western Beef Properties, Inc., 2012 WL 526424, at *2 (E.D.N.Y. Feb. 16, 2012).  Notice may be appropriate where "putative class members will be prejudiced absent notice."  Id. (citing Robinson v. First Nat. City Bank, 482 F. Supp. 92, 100-01 (S.D.N.Y. 1979)).

      Plaintiff argues that the "significant press coverage of the related Wood lawsuit" may have caused putative class members to "refrain[] from pursuing their claims against Bloomberg believing that those claims were covered by" the instant lawsuit.  Pl. Letter at 1.  Certainly, publicity surrounding a case may be relevant to determine reliance by class members on the pendency of a class action.  See, e.g., Ross v. Warner, 80 F.R.D. 88, 91 (S.D.N.Y. Sept. 19, 1978) ("Such serious and newsworthy allegations made against a huge corporation force the Court to consider the probability that many of the soon-to-be-abandoned class members received actual notice . . . and were perhaps deterred from instituting their own suits in reliance on their class membership."); Robinson, 482 F. Supp. at 100-01.  Here, however, plaintiff provides virtually no support for the claim that the "related Wood lawsuit" has received significant publicity.  In any event, any publicity of which the Court is aware regarding Wood centered on the claimed promises of employment — not on wage and hour claims under state law.  It is thus

---

      [1] Given the brevity of plaintiff's letter and the fact that defendant made arguments not addressed by plaintiff, the Court contacted the parties on December 11, 2023, to inform them that plaintiff would be permitted the opportunity to file a letter in response by December 18, 2023.  Plaintiff did not file a supplemental letter.

difficult to believe that the publicity surrounding <u>Wood</u> caused anyone to forgo filing wage and hour claims.

      In any case, notice would not even be warranted at this time because plaintiff has filed a renewed motion for class certification as permitted by the district court's opinion denying class certification.  <u>See</u> Renewed Motion for Class Certification, filed Sept. 18, 2023 (Docket #94).  It would be inefficient and confusing for class members to receive notice of denial of the first motion where the second motion may be granted.

      Accordingly, plaintiff's request to send notice to the putative class about the district court's denial of class certification is denied.

      SO ORDERED.

Dated: December 22, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2