

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

# **MEMO ENDORSED**

September 20, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Via ECF**

The Honorable Laura Taylor Swain
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Rodney Sinclair et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 4528 (LTS) (GWG)

Dear Chief Judge Swain:

    We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced action. We write regarding Plaintiff Rodney Sinclair's ("Plaintiff") second renewed motion for class certification, which his counsel filed on the evening of September 18, 2024 without meeting and conferring with the Campaign as required by Your Honor's Individual Rule 2.b. For the reasons explained below, the Campaign respectfully requests that the Court hold Plaintiff's second renewed motion for class certification in abeyance pending a response from the Campaign limited to the jurisdictional issue, which we expect to file by October 2, and a decision on whether this Court has subject matter jurisdiction over Plaintiff's individual claims. The Campaign asked Plaintiff's counsel for their position, and they stated that they "oppose Defendant's request because Plaintiff believes the issues can be decided in tandem in a single order."

    The Court previously denied Plaintiff's first two motions for class certification for lack of subject matter jurisdiction under 28 U.S.C. § 1332. (ECF Nos. 89, 116.) In its most recent order, the Court denied Plaintiff's first renewed motion for class certification "without prejudice to any application to litigate the claims in a forum of competent jurisdiction . . . ." (ECF No. 116.) With respect to Plaintiff's individual claims, the Court ordered Plaintiff to "show cause why this action should not be dismissed for lack of subject matter jurisdiction" and directed Plaintiff, by September 18, to "explain whether and on what basis the Court has diversity jurisdiction to hear Mr. Sinclair's individual claims. . . ." (*Id.*)

    Notwithstanding the Court's order asking Plaintiff to respond on the limited issue of jurisdiction and in disregard of Your Honor's Individual Rule 2.b, Plaintiff filed a second renewed motion for class certification. (ECF Nos. 117-119.) Because the Court must have subject matter jurisdiction over Plaintiff's individual claims for his class claims to proceed, the Campaign respectfully requests that the Court resolve the question of jurisdiction before engaging in class certification proceedings. Indeed, proceeding with yet another motion for class certification before the Court has determined whether it has jurisdiction over Plaintiff's claims would be a waste of judicial resources as well as the resources of the parties. This is particularly true because Plaintiff again relies on declarations of field organizers from outside of Massachusetts in support of his motion, and the Campaign would need to file another motion to

**Proskauer»**

The Honorable Laura Taylor Swain
September 20, 2024
Page 2

strike those declarations. If Plaintiff's counsel had met and conferred with counsel for the Campaign prior to filing his second renewed motion, the Campaign would have advised Plaintiff's counsel of its position and asked that Plaintiff wait to file his motion.

Accordingly, the Campaign respectfully requests that the Court hold Plaintiff's second renewed motion for class certification in abeyance until after the Court has resolved the threshold issue of whether it has subject matter jurisdiction over Plaintiff's claims. We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom


cc:   All Counsel of Record (via ECF))


It is well-established that the Court must have subject matter jurisdiction of Plaintiff's individual claims for his class claims to proceed. Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117-18 (2d Cir. 2014). For that reason, the Court will resolve the question of subject matter jurisdiction before addressing the question of class certification. DE 120 resolved.
SO ORDERED.
9/23/24
/s/ Laura Taylor Swain, Chief USDJ